**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLEMENT MAKUNG AYER, AKA Clement Ayer, AKA Clement M. Ayer, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CHARLES L. RYAN, Director at Arizona State Prison Complex, <br><br> Defendant-Appellee. | No. 16-15976 <br><br> D.C. No. 2:13-cv-00482-DJH-MHB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Arizona state prisoner Clement Makung Ayer appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

defendant violated his Eighth Amendment rights by not providing elbow surgery or

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

a diabetic diet. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendant Ryan because Ayer failed to raise a genuine dispute of material fact as to whether defendant knew of and disregarded an excessive risk to Ayer's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to the prisoner's health); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (under § 1983, there must be a showing of personal participation in the alleged rights deprivation).

The district court did not abuse its discretion when it denied Ayer's motion to amend judgment and motion for relief from judgment because Ayer failed to establish any grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief from judgment under Federal Rules of Civil Procedure 59(e) and 60(b)).

Ayer's appeal of the denial of his motion for preliminary injunction is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary

16-15976

relief would have no practical consequences, and the issue is therefore moot).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider issues which are not supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993).

**AFFIRMED.**

16-15976